Randy Dale INGMIRE, Petitioner–Appellant,

v.

Charles L. RYAN, Warden, Respondent–Appellee.

No. 04–15959.

D.C. No. CV–03–00160–DCB.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

Clay Hernandez, The Johnson House, Tucson, AZ, for Petitioner–Appellant.

Office of the Arizona Attorney General, Tucson, AZ, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Arizona state prisoner Randy Dale Ingmire appeals the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003), and we affirm.

Ingmire contends that he received ineffective assistance of counsel because (1) counsel failed to prepare him for and attend his pre-sentence interview, and (2) counsel failed to present mitigating evidence. We disagree.

Because a pre-sentence interview in a non-capital case is not a "critical stage" of trial, Ingmire had no constitutional right to counsel at the interview. *See United States v. Benlian*, 63 F.3d 824, 827 (9th Cir.1995) ("if the stage is not critical, there can be no constitutional violation, no matter how deficient counsel's performance"). Further, Ingmire fails to allege what advice counsel should have given that would likely have changed the outcome of the proceeding. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In light of the Ingmire's extensive criminal history, his lack of remorse, and his repeated failed efforts at substance abuse treatment, Ingmire's contention that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counsel failed to mitigate his extensive juvenile record and failed to seek a second psychiatric opinion also fails to satisfy the *Strickland* analysis. *See id.; see also Bonin v. Calderon,* 59 F.3d 815, 836 (9th Cir.1995) ("where the aggravating circumstances are overwhelming, it is particularly difficult to show prejudice at sentencing due to the alleged failure to present mitigation evidence").

Accordingly, Ingmire is not entitled to federal habeas relief.

**AFFIRMED.**